FILED
AUG 1 3 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALE B. ADAMS, )
　) 
　　　　Plaintiff, )
　)
v. ) Civil Action No. 19-2188 (UNA)
　)
UNITED STATES DEPARTMENT )
OF THE ARMY, *et al.*, )
　)
　　　　Defendants. )

## MEMORANDUM OPINION

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads

1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The complaint describes events from the plaintiff's childhood, electronic surveillance to which the CIA has subjected him, deficient medical treatment the plaintiff and his wife have received, and irreparable harm he has suffered because of the defendants. The plaintiff appears to seek judicial review under the Administrative Procedures Act, yet the complaint does not identify clearly what the agency action, which is defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act," 5 U.S.C. § 551(13); *see* 5 U.S.C. § 701(b)(2), he challenges. The plaintiff refers to the Freedom of Information Act in the context of a First Amendment violation, and it is unclear whether he asks this Court "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from [him]." 5 U.S.C. § 552(a)(4)((b). In sum, the factual allegations of the complaint are so vague and conclusory that the complaint not only falls short of the Rule 8(a) pleading standard but also fails to state a plausible claim against the CIA, its Director or other employees, or against the Department of the Army and its Secretary. Furthermore, as a *pro se* litigant, the plaintiff can bring claims only on his own behalf; he may not, as he appears to do, seek relief on behalf of the "Silent Parties" mentioned in his Affidavit (ECF No. 1-3). *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).

The Court will grant the plaintiff's application to proceed *in forma pauperis*, deny the plaintiff's motions without prejudice, and dismiss the complaint and this civil action without prejudice. An Order is issued separately.

/s/ _____
United States District Judge

DATE: August 12, 2019